IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 25-cv-02059-DDD-STV

HOSSEIN BATOOIE,

    Petitioner,

v.

DAWN CEJA, Warden, Aurora ICE Processing Center,
ROBERT GUADIAN, Field Office Director, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security,
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, and
PAMELA BONDI, U.S. Attorney General, U.S. Department of Justice, in their official capacities,

    Respondents.

## TEMPORARY RESTRAINING ORDER

Before the Court is Petitioner's Motion for a Temporary Restraining Order (Motion) (D. 4).[1]

The Verified Petition for Writ of Habeas Corpus (D. 1) alleges that Petitioner Hossein Batooie is a 60-year-old Christian convert from Iran. It includes evidence that he was previously granted withholding of removal (D. 1-1). He alleges that he has been detained by Immigration and Customs Enforcement (ICE) "for the presumed purpose of removing him to an undesignated country" (D. 1 at 1).

---

[1] This Motion is being handled on an emergency basis by the Undersigned due to its urgency and the temporary unavailability of U.S. District Judge Daniel D. Domenico.

1

A court presented with an *ex parte* emergency request for a temporary restraining order (TRO) pursuant to Federal Rule of Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The basic purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm" before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). TROs are—by definition—temporary: a TRO issued on an *ex parte* basis lasts no more than 14 days (unless the issuing court extends it "for good cause . . . for a like period or the adverse party consents to a longer extension"). *See* Fed. R. Civ. P. 65(b)(2). Moreover, when a court issues an *ex parte* TRO, the adverse party may appear on two days' notice—or on shorter notice set by the court—and move to dissolve or modify the TRO. *See* Fed. R. Civ. P. 65(b)(4).

Petitioner presented sufficient evidence to indicate Respondents may not—consistent with the requirements of the applicable immigration statutes—remove Petitioner from the United States to another country without further immigration proceedings (D. 1-1). The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). It therefore is necessary to halt immediate deportation until the situation is figured out. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process). Further, the record suggests that Petitioner may be placed in immediate danger to his life if he were to be returned to Iran (D. 4 at 3 (citing U.S. Dept. of State, 2023 Report on International Religious Freedom: Iran, Section II, Legal

2

Framework, available at https://www.state.gov/wp-content/uploads/2024/04/547499-IRAN-2023-INTERNATIONAL-RELIGIOUS-FREEDOM-REPORT.pdf)). To protect the status quo, the Court will enter a TRO enjoining Respondents from removing Petitioner from the United States or transferring him out of Colorado. The Court expresses no view as to the merits of the Petition and does not rule on any of the other relief Petitioner seeks, such as declaring that removal would be unlawful (*see* D. 1 at 13).

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a) and Fed. R. Civ. P. 65(b), and in order to preserve the Court's jurisdiction, Defendants SHALL NOT REMOVE Petitioner Hossein Batooie from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order. *See also Vizguerra-Ramirez v. Choate, et. al*, Case No. 1:25-cv-881, D. Colo., ECF No. 11 at 4-5 (collecting cases); *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966); *Local 1814, Int'l Longshoremen's Ass'n v. New York Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992). The Court finds that deportation without process could work irreparable harm and an order must issue without notice due to the urgency.

To the extent they have not yet done so, no later than Monday, July 7, 2025, Petitioner's counsel is directed (1) to serve Respondents with a copy of the Petition (D. 1), TRO motion and accompanying papers, along with a copy of this Order, by e-mail to the United States Attorney's Office for the District of Colorado and by overnight mail; and (2) to promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance. Respondents are further ORDERED to respond to Petitioners' TRO motion by WEDNESDAY July 9, 2025. *See, e.g., Gurchiani v. Garland*, No. 23-9588, 2025 WL 46446, at *5 n.11 (10th Cir. Jan. 8, 2025) (noting the "importance of adversarial briefing"). The parties are hereby ORDERED

3

to appear for a hearing on Petitioner's TRO motion on THURSDAY, July 10, 2025, at 2:00 p.m. in Courtroom 1002 of the Alfred A. Arraj United States Courthouse.

DATED July 3, 2025 1:07 PM.

BY THE COURT:

_____
Gordon P. Gallagher
United States District Judge